IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LARRY MCBRIDE,**

   Plaintiff,

vs.                 Civ. No. 02-27 MV/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

   Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

  **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand for a Rehearing filed July 1, 2002. (Docket No.8)   The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

**PROPOSED FINDINGS**

**I.  PROCEDURAL RECORD**

  1.  Plaintiff Larry McBride filed an application for benefits on October 6, 1997 alleging a disability since October 31, 1993, due to heart problems and diabetes. Tr. 75-77.  The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on January 4, 1999.  At the

hearing, the Plaintiff was represented by an attorney. On March 23, 1999, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant met the disability insured status requirements of the Act on the alleged onset date and continued to meet them through September 30, 1997; the claimant has not engaged in post-onset substantial gainful activity; the claimant's heart condition is a severe impairment; the severity of the claimant's impairment does not meet or equal a listed impairment; the claimant has symptom-producing medical problems but exaggerates the symptoms and functional limitations produced thereby; the claimant has a residual functional capacity for the performance of at least "light" work; the claimant is unable to perform his past relevant work; the Grids direct a finding of "non-disability." Tr. 20-22.

    2.    On the date of the ALJ's decision Plaintiff was 47 years old. He has an associates degree in fine arts and aircraft maintenance. His past work experience was as an aircraft maintenance technician. Tr. 22.

    3.    The ALJ entered his decision on May 23, 1999. Thereafter, the Plaintiff filed a request for review. Tr. 7. On December 7, 2001 an Order of Appeals Council was entered making three exhibits part of the record. Tr. 3. The exhibits are medical evidence dated February 10, 1999 from Dr. Cheryl Jan Rogers, a letter dated October 14, 1999 from the Department of Veteran Affairs and a letter from Plaintiffs counsel dated July 11, 2001. On December 7, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on January 10, 2002 .

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering

his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff asserts that the Appeals Council erred in not giving its reasons for finding that the cardiac residual functional capacity form and the Department of Veterans Affairs disability award did not justify further administrative action.  Second, Plaintiff asserts that the ALJ's finding that Plaintiff's diabetes was well controlled and that he was not credible is not supported by the substantial evidence.

Appeals Council.

8. Whether the Appeals Council must explain why new evidence presented to them does not "provide a basis for changing the Administrative Law Judges' decision" is not a matter of settled law.[1]   At least one Court of Appeals has specifically rejected the claim that the Appeals Council must "articulate its own assessment of the additional evidence." Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). The Court will recommend that the Court follow Browning. As the Court in Browning pointed out the statute conferring jurisdiction to this Court clearly limits what the Court may review. The Court's statutory jurisdiction is limited to review of the "final decision of the Secretary." 42 U.S.C. §405(g).  Thus, this Court may review the ALJ's final decision, not the

---

[1] Plaintiff relies on Alexander v. Apfel, 14 F. Supp.2d 839 (W.D. Va. 1998). Alexander is of questionable precedential value. In an unpublished opinion, the United States Court of Appeals for the Fourth Circuit, noting Browning, rejected the notion that the Appeals Council must articulate its own assessment of the additional evidence. Hollar v. Commissioner of Social Sec. Admin., No. 98-2748, 1999 U.S. App. LEXIS 23121(4th Cir. 1999). But see Harmon v. Apfel, 103 F. Supp. 2d 869, 872-3 (D.S.C. 2000)(court declined to follow Hollar and required that the Appeals Council articulate its reasons for rejecting new, additional evidence).

Appeals Council's non-final administrative decision to deny review.  Browning, 958 F.2d at 822; Towenson by Mickeal v. Apfel, 16 F. Supp. 2d 1329, 1333 (D. Kan 1998)(citing Browning and noting that it is consistent with Tenth Circuit law holding that when review is denied by the Appeals Council, the ALJ's decision is the final decision of the Commissioner).  Moreover, the regulation addressing additional evidence does not direct that the Appeals Council give detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision.  Specifically, the regulation provides that:

> If new and material evidence is submitted, the Appeals Council...shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §404.970.

Thus, pursuant to the regulation, the Appeals Council is required to consider the evidence but is not required to provide any analysis of the evidence or the record as a whole.

New evidence.

9. The Secretary has designated Plaintiff's new evidence as part of the "evidence upon which the findings and decision complained of are based." 42 U.S.C. §405(g).  Therefore the Court must consider whether there is substantial evidence to support the ALJ's decision in light of the new evidence.

10. The new evidence includes a letter from the Department of Veterans Affairs (VA) concerning Plaintiff's disability rating.  This evidence is entitled to some weight and must be considered.  Baca v. Department of Health & Human Services, 5 F.3d 476 (10th Cir. 1993).  Defendant argues that it is not timely because the decision was rendered on October 14, 1999, two

years after Plaintiff's insured status expired. However, the evidence shows that the VA finding was effective October 1, 1997. Tr. 328. October 1, 1997 is one day after Plaintiff's insured status expired. Certainly, this is evidence of Plaintiff's condition during the relevant period and must be considered. Moreover, the VA found that Plaintiff was 70 percent disabled and entitled to 100 percent benefits. Id. As this error requires a remand, the ALJ should also consider the new medical evidence by Cheryl Jan Rogers, M.D., Plaintiff's treating physician. She completed a cardiac residual functional capacity form on February 10, 1999. The Court understands this is some time after Plaintiff's insured status had expired. However, it should be considered in determining the onset of Plaintiff alleged disability.

The ALJ's finding regarding Plaintiff's diabetes and credibility is supported by the substantial evidence.

11.     The ALJ found that Plaintiff's diabetes was not a severe impairment before March 1997. An impairment is considered to be not severe if it does not significantly limit a claimant's physical or mental ability to do basic work-related activities. Bowen v. Yuckert, 482 U.S. 137 (1987); 20 C.F.R. §§404.1520(c), 404.1521. While step two requires only "de minimus" proof of impairment, the claimant "must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F.2d 1349, 1352 (10th Cir. 1997). After March of 1997, the records clearly show that Plaintiff's diabetes was controlled and did not limit any activities. Tr. 106, 109, 110, 129 and 173. Plaintiff relies on medical records during two hospital admissions in March of 1997. Plaintiff was hospitalized for a heart attack and angina from his coronary artery disease. Tr. 138 and 143. At these times, Plaintiff blood glucose varied from the mid-sixties to the mid-three hundreds. Tr. 146. After that time the records do not indicate Plaintiff was not able to control his diabetes. Short term impairments do not constitute a disabling condition. 42 U.S.C. §416(1)(10).

12.     The ALJ found that the Plaintiff exaggerates his symptoms and limitations.  The ALJ noted specific evidence in the record and considered the relevant factors.  <u>Kepler v. Chater</u>, 68 F.3d 387, 390-91 (10th Cir. 1993).  The ALJ specifically noted that the claimant by his own testimony is able to perform light housework, although he complained of difficulty vacuuming.  Tr. 21.  The Plaintiff testified he cannot sit too long due to numbness in his legs; however, there is no mention is the record of this complaint to his physicians.  <u>Kepler</u>, 68 F.3d at 391(factors the ALJ should consider include "the consistency or compatibility of nonmedical testimony with objective medical evidence.").  Similarly, Plaintiff's assertion that medications make him drowsy is not supported by his medical records.   Furthermore, Plaintiff is able to drive, is able to walk twenty to thirty minutes a day and goes fishing and camping.  Tr. 21.

<u>Residual functional capacity</u>.

13.     Plaintiff argues that the ALJ's finding that Plaintiff has a residual functional capacity (RFC) for at least light work should be reexamined.  The only limitations that Plaintiff's doctors imposed were not to engage in aerobic activity such as running.  Tr. 21 and 311.  This limitations does not conflict the RFC evaluations by agency doctors, who reviewed Plaintiff's medical records.  Tr. 262-69, 271-278.  Plaintiff's physician encouraged walking and weight bearing exercises.  Tr. 21-22, 311.  Any reexamination on remand should be based on the new evidence as discussed above.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion to Reverse and Remand  for a Rehearing, filed, July 18, 2002 should be GRANTED in part and consistent with the proposed findings.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**